IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FPP Sandbox, LLC, A Delaware Limited Liability Company, | ) ) ) | CASE NO.  8:18-cv-106-LSC-CRZ |
| Plaintiff, | ) ) ) | **AMENDED COMPLAINT** |
| vs. | ) ) | |
| The Redstone Communications Group, Inc., A Nebraska Corporation dba Redstone, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, FPP Sandbox, LLC ("FPP"), for its cause of action against the Defendant Redstone Communications Group, Inc. dba Redstone ("Redstone") states and alleges as follows:

**PARTIES AND JURISDICTION**

1.      FPP is a limited liability company organized under and existing pursuant to the laws of the State of Delaware, with its designated main office in Los Angeles, California.

2.      Redstone is a corporation organized under and existing pursuant to the laws of the State of Nebraska, with its principle place of business located in Omaha, Douglas County, Nebraska.

3.      Upon information and belief, Redstone is engaged in the business of commercial advertising.

4.      This Court has original jurisdiction over the issues presented in the Complaint pursuant to 28 U.S.C. § 1332. The parties are citizens of different states, and are not citizens of the same state. FPP's member is a citizen of the State of Delaware with its principal place of business located in the State of California. The Complaint seeks damages for accounts receivable

in an amount, exclusively interest and cost, exceeding the sum of Seventy-Five Thousand Dollars ($75,000).

5. Venue is appropriate in this District because Redstone is subject to the Court's personal jurisdiction with respect to the events giving rise to this action, and is therefore deemed to reside in Nebraska, and because a substantial part of the events and circumstances giving rise to the claims occurred in Nebraska.

## BACKGROUND

6. Plaintiff provides working capital financing to small to mid-size businesses.

7. At all relevant times, a company known as Virool, Inc. ("Virool") was a supplier to Redstone.

8. On or about December 22, 2014, Virool, as borrower, signed and executed a Financing and Security Agreement ("FSA") whereunder an affiliate of FPP, Fast Pay Partners, LLC ("Fast Pay"), a Delaware limited liability company, extended a secured loan under a factoring arrangement whereby all of the personal property of Virool, including but not limited to its accounts receivable, was assigned to FastPay as security for such factoring loan. A true and correct copy of the notice is attached hereto and incorporated by this reference, marked as Exhibit 1.

9. FastPay assigned all of its rights under the FSA to FPP on or about July 29, 2016.

10. Thereafter, Virool provided services to Redstone and issued invoices to same.

11. Under the FSA, Virool assigned all Accounts (as defined under the California Uniform Commercial Code) and therefore all the underlying invoices to FPP or its assignor.

2

12.     Thereafter, no later than July of 2016, Virool went into default under the FSA by means of, *inter alia*, submitting false, forged, misleading, and fraudulent reporting materials to FPP.

13.     Thereafter, on or about August 17, 2016, FPP gave notice of assignment of Virool's accounts receivable to Redstone. A true and correct copy of the notice is attached hereto and incorporated by this reference, marked as Exhibit 2.

14.     Thereafter, on September 15, 2016, FPP gave notice of assignment of Virool's accounts receivable to Redstone. A true and correct copy of the notice is attached hereto and incorporated by this reference, marked as Exhibit 3.

15.     Thereafter, on September 30, 2016, FPP gave notice of assignment of Virool's accounts receivable to Redstone. A true and correct copy of the notice is attached hereto and incorporated by this reference, marked as Exhibit 4.

16.     Thereafter, on October 26, 2016, notice of assignment of Virool's accounts receivable was given to Redstone by FPP's counsel, demanding that all further payments of accounts receivable owing by Redstone to Virool be paid over to FPP at an address designated in the notice. A true and correct copy of the notice is attached hereto and incorporated by this reference, marked as Exhibit 5.

17.     Subsequently, another notice was given by FPP's counsel to Redstone on January 19, 2018, through counsel. A true and correct copy of that notice, attached hereto and incorporated by this reference, is marked as Exhibit 6.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

18.     Plaintiff re-alleges and incorporates herein by reference each and every foregoing paragraph.

3

19.     As stated above, by no later than July of 2016, and continuing thereafter, Virool was, in default of the FSA by, among other things, submitting false, forged, misleading and fraudulent reporting materials to FPP.

20.     Under Nebraska Uniform Commercial Code ("UCC") § 9-607(a)(3), after the default of Virool, Plaintiff may enforce the obligations owing by Redstone, an account debtor or other person obligated on collateral, and exercise the rights of Virool with respect to the obligations of Redstone to make payment or otherwise render performance to client to Virool and with respect to the accounts which secure the obligation owing by Virool to Plaintiff.

21.     Plaintiff is informed and believes and thereon alleges that Virool rendered services to Redstone and performed all of its obligations to Redstone under the contract except those obligations that Virool was prevented or excused from performing.

22.     Redstone breached its contract with Virool by failing or refusing to pay for services rendered and performed by Virool pursuant to the agreements of Virool and Redstone.

23.     Virool suffered damages in the sum of Nine Hundred Three Thousand and Seven Dollars and Twenty-Three Cents ($903,007.23), plus prejudgment interest and cost, which were proximately caused by Redstone's breach. Pursuant to Nebraska UCC § 9-607(a)(3), after the default of Virool, Plaintiff may enforce the obligation owed by Redstone to Virool under their agreements. As such, Plaintiff suffered damages in the sum of Nine Hundred Three Thousand and Seven Dollars and Twenty-Three Cents ($903,007.23) which were proximately caused by Redstone's breach.

24.     Despite demand therefor, Redstone has failed and refused, and continues to fail and refuse to pay to Plaintiff the sum due and owing plus prejudgment interest and costs.

4

## SECOND CAUSE OF ACTION
### (Services Rendered)

25.     Plaintiff re-alleges and incorporates herein by reference each and every foregoing paragraph as though stated in full herein.

26.     Within four years last past, Redstone became indebted to Plaintiff, as assignee of Virool, in the aggregate principal amount of Nine Hundred Three Thousand and Seven Dollars and Twenty-Three Cents ($903,007.23) for services rendered to Redstone.

27.     No part of said sum has been paid, although payment has been demanded, and there is now due, owing and unpaid from Redstone the sum of not less than , Nine Hundred Three Thousand and Seven Dollars and Twenty-Three Cents ($903,007.23) together with interest thereon at the legal rate, according to proof at time of trial or entry of judgment.

## THIRD CAUSE OF ACTION
### (Open Account)

28.     Plaintiff re-alleges and incorporates herein by reference each and every foregoing paragraph as though stated in full herein.

29.     Within four years last past, Redstone became indebted on an open book account for money due in the sum of Nine Hundred Three Thousand and Seven Dollars and Twenty-Three Cents ($903,007.23), for services rendered to Redstone at Redstone's special instance and request.

30.     Although due demand therefor has been made, said sum has not been paid and it is now due, owing, and unpaid with interest or late charges thereon.

## FOURTH CAUSE OF ACTION
### (Account Stated)

31.     Plaintiff re-alleges and incorporates herein by reference each and every foregoing paragraph as though stated in full herein.

5

32.    Within the last four years, an account was stated by and between Plaintiff and Redstone for services sold and rendered to Redstone, at Redstone's special instance and request, wherein it was agreed that Redstone was indebted in the sum of Nine Hundred Three Thousand and Seven Dollars and Twenty-Three Cents ($903,007.23), plus interest thereon.

33.    Despite due demand therefor, Redstone did then and does now fail, neglect and refuse to pay said sum or any part thereof, and there is now due, owing and unpaid to Plaintiff, as Virool's assignee, by Redstone the sum of not less than Nine Hundred Three Thousand and Seven Dollars and Twenty-Three Cents ($903,007.23).

## FIFTH CAUSE OF ACTION
### (UCC Section 9.406)

34.    Upon information and belief, Redstone after October 26, 2016, in breach of its duties under the Uniform Commercial Code, and specifically § 9-406 of the Uniform Commercial Code, ignored FPPs multiple notices of assignment of this account receivable to FPP and subsequently paid directly to Virool, instead of to FPP, amounts due and owing under the invoices for services performed by Virool, an amount totaling at least Nine Hundred Three Thousand and Seven Dollars and Twenty-Three Cents ($903,007.23).

## PRAYER
### (As to all Causes of Action)

WHEREFORE, FPP respectfully requests judgment against Redstone for its damages in the amount not less than Nine Hundred Thousand Dollars ($900,000), for an award of its attorney's fees and other expenses as provided in the agreements of the parties, for the cost of this action, and for such further relief as the Court finds appropriate.

6

DATED THIS 10th day of May, 2018.

Respectfully submitted,

**FPP SANDBOX, LLC**

By:    /s/ Douglas E. Quinn
       Douglas E. Quinn, #15742
       Michael T. Eversden, #21941
       *McGRATH NORTH MULLIN & KRATZ, PC LLO*
       First National Tower, Suite 3700
       1601 Dodge Street
       Omaha, NE 68102
       Telephone: (402) 341-3070; Fax (402) 341-0216
       E-Mail:  dquinn@mcgrathnorth.com
                meversden@mcgrathnorth.com

       *Attorneys for Plaintiff*

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2018, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send notification of such filing to the following:

Brian J. Koenig
KOLEY, JESSEN LAW FIRM
1125 South 103rd Street
Suite 800, One Pacific Place
Omaha, NE 68124
Email: brian.koenig@koleyjessen.com

Kristin M.V. Krueger
KOLEY, JESSEN LAW FIRM
1125 South 103rd Street
Suite 800, One Pacific Place
Omaha, NE 68124
Email: kristin.krueger@koleyjessen.com

/s/ Douglas E. Quinn