**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

FPP Sandbox, LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

The Redstone Communications Group, Inc., a Nebraska Corporation dba Redstone,

Defendant/Third-Party Plaintiff,

v.

Virool, Inc. a Delaware corporation, Turgo, Inc., a Delaware corporation, and Alexander Debelov,

Third-Party Defendants.

CASE NO: 8:18-CV-106

**STIPULATED PROTECTIVE ORDER**

The parties' Joint Motion for Protective Order is granted. (See Filing No. 46). The terms, as stipulated by the parties, are as follows:

FPP Sandbox, LLC and The Redstone Communications Group, Inc. (collectively, the "Parties") agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

Protection of the identified categories of confidential information is necessary because discovery in this action will require disclosure of documents that are relevant to the claims and defenses asserted, and it is likely that such documents will contain personal information, financial information and/or proprietary or trade secret information of the parties.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the Parties' joint request and hereby enters the following Protective Order:

**1. Scope.** All information, documents and materials produced in the course of discovery of this case, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning confidential information as set forth below. The Order is also subject to the applicable rules of procedure and local rules on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** A Party may designate documents as confidential and restricted in use and disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. Any document produced by either Party prior to entry of this Order may be designated and deemed confidential subject the terms of this Order by identifying each such document in writing within twenty (20) days of the date this Order is entered. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3. Documents Which May be Designated CONFIDENTIAL.** Any Party may designate documents as CONFIDENTIAL upon a good faith belief that the documents contain information protected from disclosure or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial and/or financial information that is not publicly available.

**4. Inadvertent Failure to Designate.** Inadvertent failure to designate any documents as "CONFIDENTIAL," in itself, will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within thirty (30) days after discovery of the inadvertent failure.

**5. Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the deposition transcript, in writing. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6. Protection of Confidential Material.**

**(a) General Protections.** Documents designated CONFIDENTIAL must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

**(b) Who May View Designated Confidential Information.** Except with the prior written consent of the designating Party or prior order of the Court, documents designated CONFIDENTIAL may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees, agents, and representatives of the parties;

(2) Counsel for the parties and employees and agents of counsel;

(3) The Court and court personnel, including any special master appointed by the Court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the Court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound;

(8) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound.

**(c) Control of Documents**. Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom. No acknowledgement forms are required for persons listed in paragraphs 6(b)(1) through (5).

**(d) Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to

collectively as "copies") of documents designated CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation “CONFIDENTIAL” if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**7. Filing of CONFIDENTIAL Documents Under Seal**. In the event a Party seeks to file any documents designated CONFIDENTIAL and subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) seeking permission to file the document as a "restricted access" document; or (c) where appropriate, submitting the document solely for *in camera* review. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal or under restricted access. The Parties understand that the requested documents may be filed under restricted access only with the permission of the Court after proper motion.

**8. Challenges to a Confidential Designation.** All CONFIDENTIAL designations are subject to challenge by any Party. Before filing any motion or objection to a confidential designation, the objecting Party shall have an obligation to meet and confer in good faith to resolve the objection informally without judicial intervention. If agreement is reached confirming or waiving the designation as to any documents subject

to the objection, the designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**9. Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present documents or other information designated CONFIDENTIAL at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the documents. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of judgment not subject to further appeal or after any applicable appeals.

**(b) Disposition of CONFIDENTIAL Documents**. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the producing Party may request that all documents designated CONFIDENTIAL under this Order, including copies as defined in paragraph 6(d), and all information derived therefrom shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; OR (2) the party in possession of such document(s) elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to documents, so long as that work product does not duplicate verbatim substantial portions

of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use the documents. The Parties further agree that the receiving party is not required to locate, isolate and return emails (including attachments to emails) that may include designated documents, or designated information contained in deposition transcripts or drafts or final expert reports.

**(c) Return of Filed Documents**. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**(d) Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**(e) Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

**11. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any documents designated CONFIDENTIAL by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**12. Applicability to Parties Later Joined.** If additional persons or entities

become Parties to this lawsuit, they must not be given access to any documents designated CONFIDENTIAL until they execute and file with the Court a written agreement to be bound by the provisions of this Order.

**13. Protections Extended to Third-Party's Confidential Information.** The Parties agree to extend the provisions of this Protective Order to any documents produced in this case by third parties, if timely requested by the third party or the parties to this litigation.

**14. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any documents designated in this action as CONFIDENTIAL, the receiving Party must so notify the designating party, in writing, immediately and in no event, no more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or Court order.

The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

**15. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, including, but not limited to, information or documents that may be considered confidential under the Protective Order, will be governed by Rule

502 of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: April 16, 2019

United States Magistrate Judge

**WE SO MOVE and agree to abide by the terms of this Order**

Dated this 16th day of April 2019.

FPP SANDBOX, LLC, Plaintiff,

By: /s/ Michael T. Eversden

Michael T. Eversden, #21941
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
(402) 341-3070
(402) 341-0216 (facsimile)
meversden@mcgrathnorth.com

Attorneys for Plaintiff.

REDSTONE COMMUNICATIONS GROUP, INC., Defendant/Third-Party Plaintiff,

By: /s/ Kristin Krueger

Brian J. Koenig, #23807
Kristin Krueger, #23919
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9005 (facsimile)
Brian.Koenig@koleyjessen.com
Kristin.Krueger@koleyjessen.com

Attorneys for Defendant/Third-Party Plaintiff.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 16th, 2019, a true and correct copy of the above and foregoing was filed with the Court using the CM/ECF service, which sent notice of filing to all counsel of record.

/s/ Kristin Krueger

4817-1311-7561.1